UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GAEFCKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FLATIRON WEST, INC., *et al*.<br><br>　　　　Defendants. | Case No. 1:23-cv-01470-NODJ-CDB<br><br>ORDER ON STIPULATION EXTENDING TIME FOR PARTIES TO FILE DISPOSITIONAL DOCUMENTS <u>AS MODIFIED</u><br><br>(Doc. 19) |

　　　　On November 16, 2023, Defendant Flatiron West, Inc. filed a notice of settlement executed by all appearing parties. (Doc. 16). The following day, the Court vacated all case management dates and directed the parties to file dispositional documents by no later than December 18, 2023, or, on or before that date, show cause to extend the time for filing dispositional documents pursuant to Local Rule 160(b). (Doc. 17).

　　　　Pending before the Court is the parties' stipulation for order extending their time to file dispositional documents by approximately 45 days. (Doc. 19). The parties represent they have finalized their settlement agreement but due to unidentified and "unforeseen circumstances, the [p]arties took longer than anticipated to finalize the agreement." *Id*. at 3. The parties further represent, "[g]ood cause exists for the proposed extension of this deadline because Plaintiff and Defendants both require additional time in order to fulfill their obligations to the settlement agreement." *Id.*

The parties' apparent desire and intention to delay filing dispositional documents until after they "fulfill their obligations to the settlement agreement" does not constitute good cause for an extension. That is because, generally, a federal question claim as was presented in this case is "extinguished by the settlement and converted ... into a claim under a contract," a breach of which the parties should pursue in state court. *See Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737, 739 (7th Cir. 2008).

Since it is clear from the pleadings that the parties have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties have not yet entered a stipulated dismissal. This dismissal order could issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and quotations omitted). *Accord, Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

The Court declines to recommend dismissal at this juncture as it is apparent the parties have worked diligently to reach a negotiated resolution. Instead, the Court will grant the parties 21 days to meet and confer prior to filing an appropriate stipulation for dismissal – no further extensions will be granted.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff shall file dispositional documents no later than January 8, 2024.

IT IS SO ORDERED.

Dated:   **December 19, 2023**                              _____
                                                              UNITED STATES MAGISTRATE JUDGE